THOMAS E. RYAN

*v.*

DENNIS RYAN *et al.*

*Filed at Ottawa November 20, 1880.*

SPECIFIC PERFORMANCE—*fraudulent agreement.* A court of equity will not decree the specific performance of an agreement to convey land, made for the purpose of hindering or delaying creditors, when both parties participated in the fraudulent intent. In such case, a court of equity will not assist either party, but will leave them in the position they have placed themselves.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. BARBER & RYAN, for the appellant:

Fraud must be proved, and will not be presumed. *Wright* v. *Grow,* 27 Ill. 426.

There must be an intention to defraud on part of both. *Ewing* v. *Runkle,* 20 Ill. 461.

Every conveyance which hinders and delays creditors is not therefore fraudulent, if made with honest purpose and intended for their benefit. *Ewing* v. *Runkle, supra.*

The fraud charged should be specifically set out. *Easton* v. *Blanchard,* 2 Scam. 420; *Klein* v. *Horine,* 47 Ill. 430; *Slack* v. *McLagan,* 15 id. 249.

Both parties must conspire to defraud. *Ewing* v. *Runkle, supra; Myers* v. *Kinzie,* 26 Ill. 36; *Wilson* v. *Pearson,* 20 id. 85; *Gridley v. Bingham,* 51 id. 153.

Mr. G. D. A. PARKS, for the appellees:

It is a principle of chancery law that in case of an executory contract made with a design to hinder, delay or defraud creditors, a court of equity will lend its aid to neither party coming in as an actor. *Portior est conditio defendentis. Winston* v. *McFarland,* 22 Ill. 38; *Campbell* v. *Whitton,* 68 id. 240; *Fitzgerald v. Forristal,* 48 id. 228; *Miller* v. *Markle,* 21 id. 152.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was brought by Thomas E. Ryan against Dennis Ryan and his wife, to compel defendants to convey to complainant a tract of land containing fifteen acres, as it is alleged Dennis Ryan agreed to do, by his agreement in writing made on the 28th day of February, 1870. The agreement contained a number of other tracts of land, but all of them have been conveyed to complainant by defendant, as he agreed to do, so that the controversy concerns only the fifteen acres mentioned in the agreement.

There is evidence that tends strongly to show the tract of land which is the subject of this litigation, was included in the agreement by mistake. Complainant and defendant Dennis were devisees of certain lands, and, previous to making the agreement, they had agreed, by parol, upon a division. The lands intended to be embraced in the agreement constituted the portion complainant was to have, but defendant insists the fifteen acre tract constituted no part of complainant's share, and that it was never intended it should be in the agreement.

But without discussing the evidence on this branch of the case, there is another reason that constitutes an effectual bar to all relief sought under this bill. As we have seen, these lands were devised to complainant and defendant by their father, and it very clearly appears the conveyance of complainant's interest in them to defendant was made to hinder and delay the creditors of the former in the collection of their just debts from him. It appears complainant had been in partnership with his brother-in-law, and on the dissolution of the firm, it was found the concern owed a considerable amount. It was to hinder and delay the collection of the partnership debts that the conveyance was made. Defendant distinctly states in his testimony that such was the object and purpose of the conveyance to him of the lands described in the contract, and the testimony of complainant does not directly contradict his version of the transaction. Indeed, if the record only contained the testimony of complainant himself, it would be quite sufficient to induce the belief the conveyance of the lands to his brother was made with the corrupt intention to hinder and delay his creditors in the collection of their just debts, and that his brother received such conveyance with a view to aid him in such unlawful purpose.

The rule of law is, that in such cases a court of equity will not assist either party, but will leave them in the position they have placed themselves by their corrupt and unlawful agreement. This doctrine has been so often declared by this

court that it is unnecessary to enter upon any discussion of it. An early and leading case on this subject is *Miller* v. *Marckle,* 21 Ill. 152.

The decree will be affirmed.

*Decree affirmed.*